NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
ANDREW T. PRIBE (CA SBN 254904)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-6551
    Facsimile: (213) 894-0115
    E-mail: andrew.t.pribe@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARGARET J. JONES, individually, and MARGARET J. JONES, as EXECUTOR, ESTATE of JEFFREY L. JONES,<br><br>Defendants. | Case No.: 2:20-cv-06173<br><br>Complaint to Reduce FBAR Penalties to Judgment |

The United States, Plaintiff, for its complaint against Margaret J. Jones, individually, and Margaret J. Jones, as executor of the Estate of Jeffrey J. Jones, Defendants, alleges:

**I.  Jurisdiction and venue.**

1. This court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 because this action arises under the laws of the United States and because the United States is the plaintiff.

2. This action is brought under 31 U.S.C. § 3711(g)(4)(C) at the direction of the Attorney General of the United States and at the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury.

3. Venue for this action is within the Central District of California under 28 U.S.C. § 1391 because Defendants' last known address is within this judicial district and a substantial part of the events or omissions giving rise to this claim occurred within this judicial district.

**II.  Statutory and regulatory provisions for the FBAR penalty.**

4. Section 5314 of Title 31 of the United States Code authorizes the Secretary of the Treasury to require United States citizens to report certain transactions with foreign financial agencies.

5. Under the implementing regulations of 31 U.S.C. § 5314, "[e]ach United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship to the Commissioner of Internal Revenue for each year in which such relationship exists[.]"  31 C.F.R. § 1010.350(a).

6. The report must be filed with the IRS on a Report of Foreign Bank and Financial Accounts (form TD F 90-22.1), which is also referred to as an FBAR.  The report is due by June 30 "of each calendar year with

respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

7. For willful violations of the reporting requirements mandated by 31 U.S.C. § 5314, Congress—through 31 U.S.C. § 5321(a)(5)(C)(i)—authorized a maximum penalty of the greater of (1) $100,000 or (2) 50% of the balance in the account at the time of the violation.

8. Under 31 U.S.C. § 5321(b)(2)(A), the Government may bring suit to recover the penalty assessed under 31 U.S.C. § 5321(a) at any time before the end of the 2-year period beginning on the date the penalty was assessed.

## Count I

## Claim to reduce FBAR penalty to judgment against Margaret J. Jones, individually.

9. Margaret Jones is a United States citizen since at least 1969.

10. Jeffrey L. Jones and Margaret J. Jones were married in 1954.

11. During 2011, Margaret Jones, either individually or jointly with Jeffrey L. Jones, maintained the following financial accounts in New Zealand and Canada:

| Bank/Institution (Country) | Last four digits of account number | 2011 Maximum value (USD) | June 30, 2012, balance (USD) |
|---|---|---|---|
| Bell Gully (New Zealand) | 7997 | $1,425,065 | $1,458,146 |
| Ben Gully (New Zealand) | 7847 | $265,614 | $272,599 |
| ANZ Bank (New Zealand) | 1015 | $167,269 | $172,328 |
| ANZ Bank (New Zealand) | 3502 | $14,154 | $14,298 |
| Royal Bank of Canada (Canada) | 3835 | $600,108 | $257,160 |
| Royal Bank of Canada (Canada) | 3819 | $69,518 | $66,239 |
| Royal Bank of Canada (Canada) | 9222 | $732,703 | $729,728 |
| Total | | $3,274,431 | $2,970,498 |

2

12. For tax year 2011, Margaret Jones and Jeffrey L. Jones filed a federal income-tax return jointly and signed under penalty of perjury.

13. Attached to the 2011 federal income-tax return was a schedule B.

14. Part III of the schedule B to the 2011 federal income-tax return addresses foreign accounts and trusts.

15. Question 7a in part III to the schedule B asks the following question: "At any time during 2011, did you have a financial interest in or signature authority over a financial account (such as a bank account, securities account, or brokerage account) located in a foreign country? See instructions."

16. Question 7a in part III to the schedule B also asks the following question: "If 'Yes,' are you required to file Form TD F 90-22.1 to report that financial interest or signature authority? See Form TD F 90-22.1 and its instructions for filing requirements and exceptions to those requirements."

17. The Joneses' 2011 federal income-tax return falsely reported that the Joneses did not have a financial interest in a foreign financial account in 2011, when they had such foreign financial accounts.

18. Question 7a in part III to the schedule B of the Joneses' 2011 federal income-tax return provided notice to Margaret Jones of her obligation to file a FBAR for 2011.

19. The 2011 federal income-tax return did not report $251,209 in interest income from foreign financial accounts, thereby understating the Joneses' federal tax liability by $51,104.

20. For 2011 and at least the prior 25 years, Jeffrey L. Jones and Margaret Jones retained William Burke to prepare their federal income-tax returns.

3

21. At no time during the period that Jeffrey L. Jones and Margaret Jones used William Burke to prepare their federal income-tax returns did Margaret Jones tell William Burke about her foreign financial accounts.

22. Margaret Jones received documents relating to her foreign financial accounts.

23. Margaret Jones did not tell William Burke about the documents that she received relating to her foreign financial accounts.

24. Margaret Jones did not tell William Burke about the interest income that she received from her foreign financial accounts.

25. Margaret Jones was required by law to disclose her foreign financial accounts for 2011 by June 30, 2012.

26. Margaret Jones did not disclose her foreign financial accounts for 2011 as required by 31 U.S.C. § 5314.

27. Margaret Jones's failure to disclose her foreign financial accounts for 2011 as required by 31 U.S.C. § 5314 was willful.

28. On May 19, 2018, Margaret Jones consented to extend the statute of limitations for assessing the penalty for failing to file an FBAR for 2011 to December 31, 2019.

29. On February 8, 2019, the Internal Revenue Service timely assessed an FBAR penalty of $751,685 against Margaret Jones for her failure disclose her foreign financial accounts for 2011.

30. The United States is entitled to judgment against Margaret Jones for $751,685 as of February 8, 2019, less payments plus statutory accruals including interest and penalties from the date of assessment, plus costs and expenses.

///

# Count II

## Claim to reduce FBAR penalty to judgment against Margaret J. Jones, as Executor of the Estate of Jeffrey J. Jones.

31. Jeffrey L. Jones was a United States citizen since at least 1969.

32. Jeffrey L. Jones died in March 2013.

33. Margaret J. Jones is the executor of the Estate of Jeffrey L. Jones.

34. Jeffrey L. Jones and Margaret J. Jones were married in 1954.

35. During 2011, Jeffrey L. Jones maintained the following financial interests in New Zealand:

| Bank/Institution | Account Number | 2011 Maximum value (USD) | June 30, 2012, balance (USD) |
|---|---|---|---|
| ANZ Bank | xxxxxxxx-1016 | $118,258 | $121,674 |
| ANZ Bank | xxxxxxxx-1017 | $151,922 | $157,042 |
| Heartland | xx-xxxx-xxxxxx1-026 | $561,120 | $583,859 |
| Morrison Kent | xx9146 | $2,956,363 | $2,917,574 |
| Total | | $3,787,663 | $3,780,148 |

36. On April 9, 2012, Jeffrey L. Jones signed, under penalty of perjury, a federal income-tax return for tax year 2011, which was filed jointly with his wife.

37. Attached to the 2011 federal income-tax return was a schedule B.

38. Part III of the schedule B to the 2011 federal income-tax return addresses foreign accounts and trusts.

39. Question 7a in part III to the schedule B asks the following question: "At any time during 2011, did you have a financial interest in or signature authority over a financial account (such as a bank account,

5

1 securities account, or brokerage account) located in a foreign country? See
2 instructions."

3    40.   Question 7a in part III to the schedule B also asks the following
4 question: "If 'Yes,' are you required to file Form TD F 90-22.1 to report that
5 financial interest or signature authority? See Form TD F 90-22.1 and its
6 instructions for filing requirements and exceptions to those requirements."

7    41.   The 2011 federal income-tax return falsely reported that Jeffrey
8 L. Jones did not have a financial interest in a foreign financial account, when
9 he had foreign financial accounts.

10    42.   Question 7a in part III to the schedule B of the 2011 federal
11 income-tax return provided notice to Jeffrey L. Jones of his obligation to file
12 a FBAR for 2011.

13    43.   The 2011 federal income-tax return did not report $251,209 in
14 interest income from foreign financial accounts, thereby understating the
15 Joneses' federal tax liability by $51,104.

16    44.   From at least 1974 through at least 2011, the Joneses owned
17 apartments.

18    45.   From 1974 through 2005, Celia Guzman was a property manager
19 for the Joneses' apartments.

20    46.   From 1974 through 2005, Celia Guzman lived in one the Joneses'
21 apartments.

22    47.   From sometime in the 1980s to 2005, Jeffrey L. Jones received
23 statements from financial institutions in New Zealand at Celia Guzman's
24 address.

25    48.   Jeffrey L. Jones told Celia Guzman that his receipt of mail from
26 New Zealand was between him and her.

27    49.   Jeffrey L. Jones did not tell Margaret J. Jones or his two children
28 about his Heartland or his Morrison Kent accounts during his lifetime.

50. For 2011 and at least the prior 25 years, Jeffrey L. Jones retained William Burke to prepare his federal income-tax returns.

51. At no time during the period that Jeffrey L. Jones used William Burke to prepare his federal income-tax returns did Jeffrey L. Jones tell William Burke about his foreign financial interests.

52. Jeffrey L. Jones received from Heartland Bank and Morrison Kent non-resident withholding tax certificates.

53. Jeffrey L. Jones did not tell William Burke about the New Zealand non-resident withholding tax certificates that he received from Heartland Bank and Morrison Kent.

54. Jeffrey L. Jones did not tell William Burke about the interest income that he received from his foreign financial interests.

55. Jeffrey L. Jones was required by law to file an FBAR for 2011 disclosing his foreign financial interests by June 30, 2012.

56. Jeffrey L. Jones did not disclose his foreign financial accounts for 2011 as required by 31 U.S.C. § 5314.

57. Jeffrey L. Jones's failure to disclose his foreign financial accounts for 2011 as required by 31 U.S.C. § 5314 was willful.

58. On May 19, 2018, Margaret Jones, as executor of the estate of Jeffrey L. Jones, consented to extend the statute of limitations for assessing the penalty for failing to file an FBAR to December 31, 2019.

59. On November 8, 2018, the Internal Revenue Service timely assessed an FBAR penalty of $1,890,074 against Jeffrey L. Jones.

60. As of March 15, 2019, the outstanding balance of Jeffrey L. Jones's liability under 31 U.S.C. § 5321(a)(5) for 2011 is $1,929,716.64 including accrued interest, the accrued late-payment penalty provided for under 31 U.S.C. § 3717(e)(2), and payments.

61. The United States is entitled to judgment against Margaret Jones, executor of the estate of Jeffrey L. Jones, for $1,929,716.64 as of March 15, 2019, plus all subsequent statutory accruals including interest and penalties, plus costs and expenses.

Wherefore, the United States of America, Plaintiff, requests the Court to:

A. Enter judgment in favor of the United States and against Margaret Jones, Defendant, for $751,685 as of February 8, 2019, less payments plus all statutory accruals including interest and penalties from the date of assessment, plus costs and expenses; and

B. Enter judgment in favor of the United States and against Margaret Jones, executor of the estate of Jeffrey L. Jones, Defendant, for $1,929,716.64 as of March 15, 2019, plus all subsequent statutory accruals including interest and penalties, plus costs and expenses.

Dated: July 10, 2020

NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

**/s/ Andrew T. Pribe**
ANDREW T. PRIBE
Assistant United States Attorney